IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PTI GROUP, INC. and ) <br> GROUP SERVICES LIMITED, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> )     Case No. 14-2063-CM <br> GIFT CARD IMPRESSIONS, LLC and ) <br> BRETT GLASS, ) <br> ) <br> Defendants. ) <br> ) | |

## **MEMORANDUM AND ORDER**

On March 11, 2014, this court entered an order enjoining defendants from contacting the "GSL Released Parties" (as defined by the order) by means other than through counsel. Dennis Zhong is a former employee of plaintiff Group Services Limited ("GSL") and is listed as a "GSL Released Party" under the preliminary injunction. Recently, Mr. Zhong contacted defendant Brett Glass in response to a message that defendant Glass had sent Mr. Zhong before the injunction was entered. Defendants now ask the court to amend the preliminary injunction to allow them to correspond with Mr. Zhong. The case is therefore before the court on Defendants' Motion for Limited Relief from the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction [Doc. 29] (Doc. 32).

Defendants claim that the court's order is overbroad. They ask for relief from the order because (1) Mr. Zhong voluntarily contacted defendant Glass; (2) Mr. Zhong is no longer an employee of GSL, and the intent of the order was to protect GSL employees; and (3) Mr. Zhong has information critical to defendants' defense that they will otherwise be denied. According to defendants, plaintiffs are essentially using the overbroad injunction to shield discovery of damaging information—namely,

-1-

critical information that could otherwise be obtained from Mr. Zhong through informal and inexpensive means.

This court has both the power and discretion to modify a preliminary injunction. *Cablevision of Tex. III, L.P. v. Okla. W. Tel. Co.*, 993 F.2d 208, 210 (10th Cir. 1993). Plaintiffs suggest that changed factual or legal circumstances are required to justify modification of a preliminary injunction, citing *Rossi Ventures, Inc. v. Pasquini*, No. 11-cv-2838-CMA-BNB, 2012 WL 5949770, at *6 (D. Colo. Nov. 28, 2012). Defendants disagree, citing *Basic Research, L.L.C. v. Cytodyne Technologies, Inc.*, No. 2:99-CV-343K, 2000 WL 33363261, at *11 (D. Utah Dec. 20, 2000). In *Basic Research*, the court stated, "When considering whether to modify a preliminary injunction, 'a district court is not bound by a strict standard of changed circumstances but is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or law or for any other good reason.'" 2000 WL 33363261, at *11 (quoting *Movie Sys., Inc. v. MAD Minneapolis Audio Distrib.*, 717 F.2d 427, 430 (9th Cir. 1983)).

Defendants have not offered a compelling reason for the court to modify the preliminary injunction—regardless of whether the court applies the *Rossi Ventures* standard or the *Basic Research* standard. First, they have not shown changed circumstances sufficient to justify relief. Defendant Glass initiated the contact with Mr. Zhong before the court entered its order. Mr. Zhong was merely responding to defendant Glass's communication. Before the preliminary injunction hearing, defendants were aware of defendant Glass's outstanding request and could have asked the court to exclude Mr. Zhong from the definition of "GSL Released Parties." The only thing that has changed since the hearing is the fact that Mr. Zhong has tried to respond to defendant Glass.

Second, defendants have shown neither that (1) equity requires modification nor (2) any other good reason supports modification. The court's order does not prevent defendants from using proper

litigation channels to contact Mr. Zhong.  If Mr. Zhong has information critical to defendants, they may use the discovery process to obtain it.  The inability to use informal means is not so unfair as to require an exception to the court's order.  The court therefore denies defendants' motion to modify the preliminary injunction.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Limited Relief from the Court's Order Granting Plaintiffs' Motion for Preliminary Injunction [Doc. 29] (Doc. 32) is denied.

Dated this 24th day of June, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**