IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PTI GROUP, INC. and ) | |
| GROUP SERVICES LIMITED, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 14-2063-CM |
| GIFT CARD IMPRESSIONS, LLC and ) | |
| BRETT GLASS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiffs PTI Group, Inc. ("PTI") and Group Services Limited ("GSL") brought this action against defendants Gift Card Impressions, LLC ("GCI") and Brett Glass. Plaintiffs and defendants previously had a business relationship. When the business relationship developed problems, the parties entered into a settlement agreement. The dispute now before the court arises out of that settlement agreement. Plaintiffs initially claimed that defendants breached the settlement agreement; engaged in business defamation; and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). But the court has now dismissed the RICO claims, which were the only federal claims in the case. In light of that dismissal, Magistrate Judge Karen M. Humphreys ordered the parties to show cause why the court should not dismiss the remaining state law claims for lack of jurisdiction.

Plaintiffs contend that the court has diversity jurisdiction over the case. Alternatively, plaintiffs ask the court to assert supplemental jurisdiction over the remaining claims. Defendants have offered evidence indicating for the first time that the parties are not diverse. The court first examines whether it has diversity jurisdiction over the case.

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994). A court lacking jurisdiction must dismiss the case at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee Cnty. Bd. of Cnty. Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3)). "Since federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Id*. As the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of establishing that such jurisdiction is proper. *Basso*, 495 F.2d at 909.

The remaining claims in this case are state law claims. For this court to hear these claims, diversity jurisdiction must exist under 28 U.S.C. § 1332. This statute requires two elements: (1) diversity of citizenship and (2) an amount in controversy exceeding $75,000. *Id*. At issue now is whether there is complete diversity between all plaintiffs and all defendants. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004).

The amended complaint alleges that plaintiff PTI is a Missouri citizen, plaintiff GSL is a citizen of a foreign state, and defendants are citizens of Kansas. But now defendants have offered evidence (an affidavit signed by Mr. Glass) suggesting that members of defendant GCI—a limited liability company—are citizens of Missouri. A limited liability company is a citizen of each state of which a member is a citizen. *Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001); *see also Kendall State Bank v. Archway Ins. Servs., LLC*, No. 10-2617-KHV, 2011 WL 3610125, at *3 (D. Kan. Aug. 15, 2011) (explaining that the court cannot determine whether subject matter jurisdiction exists because "the complaint does not allege the citizenship of each member of [defendants]").

Plaintiffs question the reliability and probative value of defendants' evidence, but all they can offer to support their claim of diversity is GCI's documents filed with the Kansas Secretary of State. The documents, however, are not necessarily inconsistent with Mr. Glass's affidavit. They represent that BH Holdings, Inc. is the only member who owns 5% or more of GCI's capital, and that BH Holdings, Inc. is a citizen of Kansas. This does not, however, mean that GCI has no other members. The other members identified in Mr. Glass's affidavit could hold less than 5% of GCI's capital.

The court understands plaintiffs' frustration at just learning that diversity might not exist, but they have the burden of showing that diversity does exist. They have offered only speculation as to why the affidavit from Mr. Glass may be a misrepresentation or otherwise incorrect. The tone of plaintiffs' brief suggests that defendants have the burden to show when the Missouri residents became members of defendant CGI. The burden, however, is plaintiffs'—not defendants'. In the absence of additional evidence, the court must find that plaintiffs have failed to meet their burden of establishing this court's diversity jurisdiction.

Instead of focusing on the existence of diverse parties, plaintiffs instead emphasize that the court should exercise supplemental jurisdiction over the remaining state law claims. Federal district courts have supplemental jurisdiction over state law claims that are part of the "same case or controversy" as federal claims. 28 U.S.C. § 1367(a). "[W]hen a district court dismisses the federal claims, leaving only the supplemental state claims, the most common response has been to dismiss the state claim or claims without prejudice." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quotation marks, alterations, and citation omitted). That said, whether to assert supplemental jurisdiction is within the court's discretion. *Brinkman v. State Dept. of Corr.*, 863 F. Supp. 1479, 1488 (D. Kan. 1994). The court should exercise its discretion to try state law claims in the absence of any federal claims only where judicial economy, convenience, and fairness would be served. *Thatcher*

*Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).  If the parties have already expended "'a great deal of time and energy on the state law claims,' it is appropriate for the 'district court to retain supplemented state claims after dismissing all federal questions.'"  *Villalpando v. Denver Health & Hosp. Auth.*, No. 01-1450, 2003 WL 1870993, at *5 (10th Cir. Apr. 14, 2003) (quoting *Botefuhr*, 309 F.3d at 1273).  But district courts must bear in mind that "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  *Thatcher Enters.*, 902 F.2d at 1478.

Plaintiffs filed this case in February 2014.  Despite being a year old, however, the case has not progressed significantly.  The court did not enter a scheduling order until November 2014.  As of late November, the parties had not engaged in discovery.  And although the court has ruled on three motions, none of them relate to the state law claims.  First, the court granted a preliminary injunction, but specifically declined to rule on the merits of the state law claims.  Second, the court denied a motion to amend that order.  Third, the court dismissed the federal claims.  The parties have fully briefed a motion to dismiss a counterclaim, but that briefing was only completed in November.

The issues remaining in this case are matters of Kansas contract and tort law.  This court is certainly competent to hear those matters, but no compelling reasons exist for asserting jurisdiction over the state law claims.  Plaintiffs suggest that they will be compelled to seek another temporary restraining order from the state court—effectively starting over with the case.  This is an assumption the court is not willing to make.  The court will not assume that defendants will reengage in conduct previously prohibited by the court if this case is dismissed; indeed, if they do, they risk receiving a stern rebuke from the state court for repeating the behavior.

Plaintiffs argue that considerations of fairness weigh strongly in favor of retaining jurisdiction over this case.  They point out that defendants have previously conceded that they are diverse from

plaintiff PTI.  Essentially, plaintiffs contend that defendants should now be estopped from claiming to be diverse.

The court is unaware of the circumstances that led to defendants now stating that GCI has members who are citizens of Missouri.  The court hesitates to assume, however, that the "revelation" is based on insincere motive.  In any event, defendants' change in position does not appear to be based on a perceived bias of this court against them.  Although the court granted the preliminary injunction enjoining defendants from certain collection efforts, the court also granted defendants' motion to dismiss plaintiffs' RICO claims.  And defendants have shown a preference to litigate their disputes with plaintiffs in state court all along.  Defendants initially filed a lawsuit in state court against plaintiffs.  Plaintiffs removed that suit, and defendants sought remand.  It was in the context of that motion to remand that defendants eventually stated that the parties were diverse.  Under these circumstances, the court declines to infer bad motive on the part of defendants.

For the above reasons, the court determines that it does not have diversity jurisdiction over the case and declines to exercise supplemental jurisdiction over the remaining state law claims.

**IT IS THEREFORE ORDERED** that this case is dismissed for lack of subject matter jurisdiction.

Dated this 11th day of February, 2015, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**